IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CARANZA O. ETIER,**

                **Plaintiff,**

     **v.**                                               **CASE NO. 06-3219-SAC**

**D. PAUL THEROFF, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Wyandotte County jail in Kansas City, Kansas.  Plaintiff also seeks leave to proceed in forma pauperis, 28 U.S.C. § 1915, without prepayment of the full district court filing fee.  The court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(4) (prisoner without means to pay initial partial filing fee is not to be prohibited from bringing a civil action).  Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  *See also* 42 U.S.C. § 1997e(c)(1)("The court shall on its own motion or on the motion of

a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief an be granted, or seeks monetary relief from a defendant who is immune from such relief.") *and* 42 U.S.C. § 1997e(c)(2)("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune form such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

In this action, plaintiff claims he was arrested on May 25, 2006, for robbery, but booked into the jail for violation of his state parole. He argues his confinement for five days before being charged on May 30, 2006, with the robbery offense denied him a timely probable cause determination for his confinement. He further claims the robbery victim falsely stated that he knew plaintiff and that plaintiff had robbed him. On these allegations, plaintiff seeks $100,000 for mental anguish from a Wyandotte assistant county prosecutor, a state parole officer, the Wyandotte County Sheriff, and the robbery victim.

Having reviewed the record, the court finds the complaint is subject to being summarily dismissed because plaintiff's claim for damages is clearly barred absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Nor do plaintiff's allegations state any claim upon which relief can be granted under § 1983 against the robbery victim because this defendant is not "a person acting under color of state law."  See West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed *by a person acting under color of state law*."(emphasis added).

Moreover, a prosecutor is entitled to absolute immunity in the filing of criminal charges, see Imbler v. Pachtman, 424 U.S. 409, 431 (1976)(prosecutor entitled to absolutely immunity from § 1983 suit for damages based on "initiating a prosecution"), and plaintiff identifies no misconduct in the issuance of a parole violation warrant, or in his confinement on a presumptively valid warrant. Additionally, to the extent plaintiff's allegations would directly undermine the validity of plaintiff's confinement on the parole violation warrant, or the validity of plaintiff's confinement after being charged with the robbery offense, plaintiff's claim for damages is barred absent a showing that the basis for such confinement had been legally invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See also Crow v. Penry, 102 F.3d 1086, 1087 (10 Cir. 1996)(Heck applies to proceedings that call into question the fact or duration of parole or probation).

For these reasons, the court directs plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

3

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief, and as seeking relief from a defendant immune from such relief.

**IT IS SO ORDERED.**

DATED:  This 22nd day of August 2006 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge